1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JAMES VERKUILEN, | Case No. 2:24-cv-000320-JDP (PC) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND GRANTING PLAINTIFF LEAVE TO AMEND |
| AMADOR COUNTY SHERIFF DEPARTMENT, *et al.*, | |
| Defendants. | ECF Nos. 1 & 2 |
| | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff James Verkuilen is a pretrial detainee proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. In his complaint, plaintiff alleges that Amador Jail is overcrowded and that his HIPPA rights were violated when an officer was present for his medical appointment. The allegations are not sufficiently related to proceed in the same action. I will give plaintiff an opportunity to file an amended complaint, and I will grant his application to proceed *in forma pauperis*, ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges that three inmates have been sleeping in plaintiff's cell, including one inmate sleeping on the floor. ECF No. 1 at 3. The complaint also makes reference to mold in his cell. *Id.* at 5. Separate from concerns with his cell, the complaint alleges that deputies watched as plaintiff spoke with his doctor in violation of HIPPA and that a female staff observed him undress for his medical appointment. *Id.* at 4.

Plaintiff cannot bring these claims together. Although a plaintiff can assert any number of unrelated claims against any single defendant, he does not have an unfettered right to join different defendants in a single lawsuit for unrelated events. *Compare* Fed. R. Civ. P. 18(a)

1   (joinder of claims), *with* Fed. R. Civ. P. 20(a) (joinder of parties).  Rule 20(a) provides that all
2   persons can be joined in one action as defendants if "any right to relief is asserted against them
3   jointly, severally, or in the alternative with respect to or arising out of the same transaction,
4   occurrence, or series of transactions or occurrences" and "any question of law or fact common to
5   all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

6         Should plaintiff choose to amend his complaint, he should include specific detail
7   regarding his claim for overcrowding.  *See Cannedy v. Amador Cnty. Sheriff Dep't*, No. 2:22-cv-
8   2001-TLN-AC (P), 2022 WL 17994155, at *3 (E.D. Cal. Dec. 29, 2022) (dismissing a complaint
9   alleging overcrowding at the Amador Jail against the Amador County Sheriff's Department and
10  Jeremy Martin because the plaintiff did not allege that he was at substantial risk).

11        I will grant plaintiff a chance to amend his complaint before recommending that this
12  action be dismissed.  If plaintiff decides to file an amended complaint, the amended complaint
13  will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th
14  Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face
15  without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended
16  complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended
17  complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
18  defendant's involvement in sufficient detail.  The amended complaint should be titled "First
19  Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an
20  amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court that he wishes stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk's Office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   May 6, 2024                                 _____
                                                     JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE

4